**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| CHRISTINE LABEAU and NORMAN NICKLE, | Case No.: 3:23-cv-6113 |
| *Plaintiffs*, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| ERIC KENDRICK, and KG ADVISORS, L.P., a Texas Limited Partnership, | |
| *Defendants*. | |

Plaintiffs Christine LaBeau and Norman Nickle, by and through their attorneys, Israels & Neuman, PLC, and for their Complaint against Eric Kendrick and KG Advisors, L.P., state as follows:

**PARTIES**

1. Plaintiffs Christine LaBeau (hereinafter "Plaintiff" or "Ms. LaBeau") and Norman Nickle (hereinafter "Plaintiff" or "Mr. Nickle") are married and are individuals who were residents of Olympia, Washington at all times relevant. Ms. LaBeau and Mr. Nickle were citizens of the State of Washington at all times relevant.

2. Defendant Eric Kendrick (hereinafter "Defendant" or "Kendrick") is an individual and was a resident of Austin, Texas at all times relevant. Mr. Kendrick was a citizen of the

1

Complaint
Case No. 3:23-cv-6113

ISRAELS & NEUMAN, PLC
506 Second Avenue, Ste 1400
Seattle, WA 98104
206-795-5798

State of Texas at all times relevant. Kendrick was also licensed and registered as an investment advisory representative of KG Advisors, L.P. at all times relevant. Kendrick is now an investment advisory representative of Advisors Crypto, Inc. Kendrick is or was the part-owner of both K.G. Advisors, L.P. and Advisors Crypto, Inc.

3. Defendant KG Advisors, L.P. (hereinafter "Defendant" or "KGA") is a limited partnership organized under the laws of the State of Texas with its principal place of business in Austin, Texas. At all times relevant, KGA was a citizen of the State of Texas. KGA was also a registered investment advisory firm (RIA) that is regulated by the State of Texas. At all times relevant, Defendant Kendrick was acting as the apparent agent of KGA. KGA's general partner is the Kendrick Group, Inc., which is a Texas corporation with its principal place of business in Austin, Texas. The limited partners are Eric Kendrick (a citizen of Texas), Gary Kolkhorst (a resident of Houston, Texas and citizen of Texas), and Kenneth Kolkhorst (also a resident of Houston, Texas and citizen of Texas). Therefore, KGA is a citizen of the State of Texas.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the plaintiffs and the defendants, and the amount in controversy exceeds $75,000.

5. This Court has personal jurisdiction over the Defendants in this matter in that they had certain contacts with the State of Washington, including that the Defendants provided the Plaintiffs (citizens of Washington) with investment advice while they were in Washington and communicated to the Plaintiffs in Washington, via phone and email, in order to service their accounts and effectuate the transactions at issue. The Defendants engaged in acts and conduct

2

Complaint
Case No. 3:23-cv-6113

ISRAELS & NEUMAN, PLC
506 Second Avenue, Ste 1400
Seattle, WA 98104
206-795-5798

that would subject them to this Court's personal jurisdiction. Also, the Defendants held out to the public that they had an office and did business in the Western District of Washington (specifically, Olympia, Washington).

6. Venue is also proper in this District Court, as the investment advice was provided to the Plaintiffs in this District.

## FACTS

7. In 1987, Ms. LaBeau and Mr. Nickle began working with an investment advisor by the name of Nancy C. Nelson and Associates, which was located in Olympia, Washington. Around 2012, Nancy Nelson sold her investment advisory business to the Defendants. On or around that time, the Defendants began servicing the Plaintiffs' accounts and acted as the Plaintiffs' investment advisors. Donna Monda and Wendy Burt, who both previously worked for Nancy Nelson, then began working for the Defendants after the business was purchased from Nelson.

8. At all times relevant, the Defendants acted as the Plaintiffs' investment advisor, from 2012 up to about May 2023. The Defendants had discretionary control over the Plaintiffs' accounts, meaning that the Defendants could buy and sell securities without getting specific authority from the Plaintiffs on each and every purchase and sale of a security. In having such discretionary control over the Plaintiffs' accounts, the Defendants were required to act in the best interests of the Plaintiffs when making such purchases and sales.

9. Throughout the course of their relationship, Ms. LaBeau and Mr. Nickle met with Defendant Kendrick on at least an annual basis to discuss their financial situation and goals, along with Kendrick's investment strategies to meet those goals.

Complaint
Case No. 3:23-cv-6113

ISRAELS & NEUMAN, PLC
506 Second Avenue, Ste 1400
Seattle, WA 98104
206-795-5798

10. As part of these meetings, the Defendant would sometimes discuss Ms. LaBeau's and Mr. Nickle's financial situation, including their investment profile at a given point in time. Ms. LaBeau and Mr. Nickle told Defendant Kendrick that they wanted to maintain their portfolio, generate income from their investments to last them throughout the rest of their retirement, and to pay for living expenses.

11. In April 2022, Defendant Kendrick filled out and documented a "Risk Profile" form for the Plaintiffs. Kendrick reviewed the Plaintiffs' age, annual income, net worth, investment time horizon, investment objectives, and risk tolerance. At this time, Ms. LaBeau was 70 years old, and Mr. Nickle was 76 years old. The Plaintiffs do not remember filling out a similar form prior to April 2022.

12. The form had an "Attitude Toward Risk" section of this "Risk Profile" document, with a scale from 0 to 10 of how much risk the Plaintiffs were willing to take (0 being the least risky, and 10 being the most risky). According to this document, the Plaintiffs had a risk tolerance of 4.5, which was just below what was considered to be "medium volatility". Moreover, the Plaintiffs' investment objective was "Growth and Income"; one of the other options for the investment objective was "Aggressive", but this objective was not chosen. The Plaintiffs' "Attitude Toward Risk" and "Growth and Income" investment objectives showed that they were not looking to take on substantial risks in their retirement portfolios.

13. This form also discussed which "portfolio strategy" that was selected on the Plaintiffs' behalf. This form showed that the Plaintiffs' portfolio had a "Dynamic" strategy, but Defendant Kendrick did not discuss what this "Dynamic" strategy meant and what risks were associated with such a strategy.

4

Complaint
Case No. 3:23-cv-6113

ISRAELS & NEUMAN, PLC
506 Second Avenue, Ste 1400
Seattle, WA 98104
206-795-5798

14. The Defendants managed three qualified retirement accounts on behalf of the Plaintiffs: a) Mr. Nickle's IRA; b) Mr. Nickle's Roth IRA; and c) Ms. LaBeau's Roth IRA. These accounts were held at Charles Schwab, but the Defendants maintained discretionary control over the accounts. Over the years, the Plaintiffs' retirement accounts had generally increased in value over time (as the stock market generally had performed positively between 2012 and 2021), and the Plaintiffs' accounts had positive gains through the end of 2021.

15. However, beginning in late 2020 and concluding in the Spring of 2023, the Defendants utilized an investment strategy that took on substantial risk and incurred significant financial losses for the elderly, retired Plaintiffs. Specifically, the Defendants decided to invest the Plaintiffs' retirement funds more and more heavily into cryptocurrency-related investments. In particular, the Defendants began investing in exchange-traded funds (ETFs) and investment trusts whose holdings consisted primarily of cryptocurrency assets like Bitcoin. In essence, the Plaintiffs' portfolio became more heavily exposed to the wild price swings of cryptocurrencies.

16. The Defendants' decision to heavily invest the Plaintiffs' money in this "Dynamic" strategy and in cryptocurrency related investments proved to be disastrous. There were numerous cryptocurrency-related investments (or corporations that had significant holdings in cryptocurrencies) in the Plaintiffs' portfolio that had substantial volatility and often caused significant losses, including Grayscale Bitcoin Trust, Grayscale Ethereum Trust, Microstrategy Inc., Bitwise 10 Crypto Index Fund, Silvergate Capital Corp., Coinbase Global, Grayscale Future of Finance ETF, and others.

17. In addition to the numerous cryptocurrency-related investments, the Defendants purchased numerous other risky stocks and ETFs in the Plaintiffs' portfolio. This added to the

Complaint
Case No. 3:23-cv-6113

ISRAELS & NEUMAN, PLC
506 Second Avenue, Ste 1400
Seattle, WA 98104
206-795-5798

aggressive nature of their portfolio and exacerbated the risks of the Plaintiffs' retirement accounts.

18.   The Plaintiffs' portfolio held a total of $552,703 at the end of December 2021. By the end of December 2022, the portfolio had fallen to $194,545. This represented a loss of nearly 65% of the Plaintiffs' portfolio during 2022. By comparison, the S&P 500 Index (an index that generally gauges the performance of the stock market) had lost about 10% during the same timeframe.

19.   The Defendants' decision to invest the Plaintiffs' hard-earned retirement funds in this strategy was extraordinarily risky and well beyond the Plaintiffs' actual investment objectives and risk tolerance.

20.   Despite his fiduciary duty to do so, Defendant Kendrick omitted to provide the Plaintiffs with any material information about the risks of investing in cryptocurrency. Had he done so, the Plaintiffs could have assessed whether they wanted to take on such a speculative investment strategy. Moreover, any research or due diligence done by Defendant Kendrick would have likely started with a review of cryptocurrency prices and markets, and he should have concluded that the volatility of the cryptocurrency market was well beyond the risk tolerance and threshold of the retired Plaintiffs.

21.   Had the Plaintiffs known that Kendrick intended to invest their money in such a volatile and speculative strategy, the Plaintiffs would not have agreed to such.

22.   In essence, Defendant Kendrick, through KGA, misrepresented and omitted the material risks of the investments in the "Dynamic" investment strategy, misrepresented and omitted the material risks of investing a substantial portion of the Plaintiffs' portfolio in cryptocurrency-related securities, failed to perform adequate research or due diligence into

6

Complaint
Case No. 3:23-cv-6113

ISRAELS & NEUMAN, PLC
506 Second Avenue, Ste 1400
Seattle, WA 98104
206-795-5798

cryptocurrency before investing on behalf of the Plaintiffs, and failed in his fiduciary duties to Ms. LaBeau and Mr. Nickle.

## **COUNT I – NEGLIGENCE**

23. The Plaintiffs incorporate by reference each preceding paragraph.

24. The Defendants owed the Plaintiffs various duties, which include, but are not limited to the duty to know the risks and characteristics of an investment before purchasing such on behalf of the Plaintiffs, also known as "due diligence".

25. The Defendants also had the duty to determine whether the investments purchased on behalf of the Plaintiffs were suitable not only investors in general, but also for the Plaintiffs given their financial resources, net worth, investment objectives, risk tolerance, and time horizon.

26. The Defendants owed the Plaintiffs the duty not to ignore the danger signs inherent in the transactions in question.

27. The Defendants owed the Plaintiffs the duty to act reasonably and use ordinary care under the circumstances of the transactions.

28. The Defendants owed the Plaintiffs a duty to exercise due care when they recommended and effectuated the transactions discussed herein, including in exercising care when vetting investments or an investment strategy before recommending such to their clients.

29. For the reasons discussed in this Complaint, the Defendants breached these duties to the Plaintiffs, by purchasing numerous investments (including those related to cryptocurrency), which were risky and highly volatile investments.

7

Complaint
Case No. 3:23-cv-6113

ISRAELS & NEUMAN, PLC
506 Second Avenue, Ste 1400
Seattle, WA 98104
206-795-5798

30. The Defendants knew or should have known that a significant loss of these investments would result in a substantial loss for the retired Plaintiffs.

31. Since the Plaintiffs were retired and no longer working, they could not afford to take substantial risks with their retirement accounts that were managed by Defendants.

32. These breached duties are the actual and proximate cause of the injuries sustained by the Plaintiffs. When the value of these risky investments decreased substantially, it caused significant financial harm to Ms. LaBeau and Mr. Nickle.

33. The Plaintiffs should not have lost money when investing through Defendants, but they also should have made a substantial gain over the 10-plus years that the Defendants managed their money. Considering how the equity and bond markets performed over the last decade, a portfolio that invested in broad indexes like the S&P 500 and aggregate bond indexes would have generated about a 100% gain instead of incurring substantial losses. When the losses in the Plaintiffs' accounts are combined with the gains that should have accrued in their accounts had these accounts been managed reasonably, the Plaintiffs should have gained approximately $600,000 instead of losing about $250,000.

34. The Plaintiffs have sustained damages in an amount of at least $850,000.00, plus consequential and incidental damages, which include but are not limited to costs and attorney fees.

**COUNT II – BREACH OF FIDUCIARY DUTY**

35. The Plaintiffs incorporate by reference each preceding paragraph.

36. As investment advisers of the Plaintiffs, Kendrick and KGA were *per se* fiduciaries of the Plaintiffs.

8

Complaint
Case No. 3:23-cv-6113

ISRAELS & NEUMAN, PLC
506 Second Avenue, Ste 1400
Seattle, WA 98104
206-795-5798

37. As fiduciaries, Kendrick and KGA owed fiduciary duties to Ms. LaBeau and Mr. Nickle. Those duties included:

    a) The duty to act in the best interest of the Plaintiffs;

    b) The duty to make investment recommendations which were in the best interest of the Plaintiffs;

    c) The duty to adequately disclose and not omit all material risks of investing in the securities purchased on Plaintiffs' behalf, including any investments related to cryptocurrency;

    d) The duty to recommend the cryptocurrency-related investments only after studying these securities sufficiently to determine that these investments were suitable and proper for the Plaintiffs;

    e) The duty to keep the Plaintiffs abreast of market conditions so that the Plaintiffs could make informed decisions about their retirement portfolio;

    f) The duty not to misrepresent any material fact of the transaction; and

    g) General duties of fair dealing.

38. Kendrick and KGA violated the above-mentioned fiduciary duties to the Plaintiffs.

39. The investments in question purchased on behalf of the Plaintiffs, especially the cryptocurrency-related investments, were not suitable for the Plaintiffs.

40. The Defendants failed to adequately research and vet the cryptocurrency-related investments to determine whether they were proper investments for the Plaintiffs. Any basic due diligence done by Defendants would have revealed that they were highly volatile investments subject to huge market swings. This is not a proper investment for

Complaint
Case No. 3:23-cv-6113

ISRAELS & NEUMAN, PLC
506 Second Avenue, Ste 1400
Seattle, WA 98104
206-795-5798

investors like the Plaintiffs who were retired and could not afford to incur substantial losses in their retirement accounts.

41. The breach of these duties actually and proximately caused significant financial damage to Ms. LaBeau and Mr. Nickle.

42. The Plaintiffs have sustained damages in an amount of at least $850,000.00, plus consequential and incidental damages, which include but are not limited to costs and attorney fees.

## COUNT III – NEGLIGENT MISREPRESENTATION

43. The Plaintiffs incorporate by reference each preceding paragraph.

44. Defendant Kendrick, on behalf of KGA, made material misrepresentations and omissions about the risks of investing in the cryptocurrency-related investments. In particular, Kendrick failed to adequately disclose how volatile and risky the cryptocurrency-related investments were. Likewise, Kendrick failed to adequately disclose that the Plaintiffs' investment objectives and risk tolerances did not match the "Dynamic" investment strategy proposed by KGA and Kendrick.

45. These representations were false, and they were made by Kendrick knowing that they were false or without sufficient knowledge about the truth or validity of these representations.

46. These misrepresentations were made with the intent to induce Ms. LaBeau and Mr. Nickle to allow the Defendants to provide investment advice to the Plaintiffs and to continue to invest the Plaintiffs' retirement accounts on their behalf.

Complaint
Case No. 3:23-cv-6113

ISRAELS & NEUMAN, PLC
506 Second Avenue, Ste 1400
Seattle, WA 98104
206-795-5798

47. Ms. LaBeau and Mr. Nickle were not aware that Kendrick misrepresented the risks and history of the cryptocurrency-related investments and reasonably relied on these misrepresentations when they invested through Defendants.

48. This proximately caused $850,000 in financial damages to the Plaintiffs.

WHEREFORE, the Plaintiffs request the following relief:

a) That the Defendants pay the Plaintiffs $850,000 in compensatory damages;

b) That the Defendants pay the Plaintiffs interest, reasonable attorneys' fees, and costs; and

c) Any other relief that this Court deems just and equitable.

Dated:  December 5, 2023                    Respectfully submitted,

/s/ *David Neuman*
Attorney for Plaintiffs

David Neuman
Israels & Neuman, PLC
506 Second Avenue, Suite 1400
Seattle, WA 98104
206-795-5798
dave@israelsneuman.com

11

Complaint
Case No. 3:23-cv-6113

Israels & Neuman, PLC
506 Second Avenue, Ste 1400
Seattle, WA 98104
206-795-5798

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all claims so triable.

Dated: December 5, 2023

By: */s/ David Neuman*
Attorney for Plaintiffs

David Neuman, Esq. (WSB #48176)
ISRAELS & NEUMAN PLC
506 Second Avenue, Suite 1400
Seattle, WA 98104
206-795-5798
dave@israelsneuman.com

12

Complaint
Case No. 3:23-cv-6113

ISRAELS & NEUMAN, PLC
506 Second Avenue, Ste 1400
Seattle, WA 98104
206-795-5798